UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALTER SHANE LANGSTON<br><br>Plaintiff,<br><br>v.<br><br>A. FRANTZEN, et al.,<br><br>Defendants. | No. 2:16-cv-2364-GEB-EFB P<br><br>ORDER |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. He seeks leave to proceed in forma pauperis. *See* 28 U.S.C. § 1915(a). For the reasons explained below, the court finds that plaintiff has not demonstrated he is eligible to proceed in forma pauperis.

A prisoner may not proceed in forma pauperis:

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Court records reflect that on at least three prior occasions, plaintiff has brought actions in this court while incarcerated that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. *See, e.g.,* Case Nos. 2:08-cv-2475-EFS, 2:10-cv-2196-EFB, 2:10-cv-2715-GGH, 2:10-cv-3191-KJN, and 2:11-cv-1624-DAD.

The section 1915(g) exception applies if the complaint makes a plausible allegation that the prisoner faced "imminent danger of serious physical injury" at the time of filing. 28 U.S.C. § 1915(g); *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007). For the exception to apply, the court must look to the conditions the "prisoner faced at the time the complaint was filed, not at some earlier or later time." *Andrews*, 493 F.3d at 1053, 1056 (requiring that prisoner allege "an ongoing danger" to satisfy the imminency requirement). Courts need "not make an overly detailed inquiry into whether the allegations qualify for the exception." *Id.* at 1055.

In the October 3, 2016 complaint, plaintiff complains about proceedings related to a rules violation report, a determination of guilt, and the resulting loss of credits and placement in the "segregate housing unit" or "SHU." ECF No. 1 at 44-49. He claims that the defendant, who is no longer his doctor, caused him to be placed in the SHU from July 2, 2014 through May 5, 2015, knowing that it caused him to have suicidal ideations. *Id.* at 45, 50, 55. These allegations fail to demonstrate that plaintiff faced an imminent danger of serious physical injury at the time he filed the complaint. Thus, the imminent danger exception does not apply. Plaintiff's application for leave to proceed in forma pauperis must therefore be denied pursuant to § 1915(g). Plaintiff must submit the appropriate filing fee in order to proceed with this action.

Accordingly, because plaintiff has not paid the filing fee and cannot proceed in forma pauperis, it is hereby ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 6) is denied; and

2. Plaintiff shall submit, within twenty-one days from the date of this order, the appropriate filing fee. Plaintiff's failure to comply with this order will result in a recommendation that this action be dismissed.

Dated: April 20, 2017.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE